# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-51225
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO CASTILLO-MENDOZA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-334-ALL

Before DAVIS, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Pedro Castillo-Mendoza, a citizen of Mexico, pleaded guilty to a one-count indictment charging him with illegal reentry into the United States, in violation of 8 U.S.C. § 1326. His advisory Guidelines' sentencing range was calculated to be 77 to 96 months; and he was sentenced, *inter alia*, to 77 months' imprisonment. Castillo does *not* challenge the calculation of his sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range; instead, he claims the 77-month sentence imposed is substantively unreasonable.

In that regard, Castillo urges his sentence is substantively unreasonable because the district court could not consider a claimed sentencing disparity resulting from the absence of a "fast-track" early-disposition program. Castillo correctly acknowledges that this issue is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 563 & n.4 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Castillo also urges his sentence is substantively unreasonable because: the district court did not adequately consider his motives for returning to the United States; the Guidelines give too much weight to his criminal history; and his within-Guidelines sentence overstates the seriousness of his offense conduct. Our court normally "considers the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard'". *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). Moreover, "[i]f the sentence is within the Guideline range, the appellate court may . . . apply a presumption of reasonableness". *Gall*, 128 S. Ct. at 597. (We need not decide whether Castillo's requests, in district court, for a below-Guidelines sentence preserved review for reasonableness under the usual abuse-of-discretion, vice plain-error, standard, because his sentence is affirmed under either standard. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).)

The district court explained that it determined the within-Guidelines, 77-month sentence to be "a fair and reasonable sentence" after considering the advisory Guidelines and their policy statements, the 18 U.S.C. § 3553(a) factors, Castillo's allocution, and the factual information contained in the presentence investigation report. The district court: acknowledged that the advisory sentence was "a pretty healthy sentence"; but stated that it was particularly troubled by the serious nature of Castillo's numerous prior offenses, including

burglary of a habitation, attempted burglary of a habitation, forgery with intent to pass, aggravated robbery, robbery, and failure to appear. Castillo has not rebutted the presumption that his sentence is reasonable or otherwise established error.

AFFIRMED.